Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVETTE RICH,<br><br>      Plaintiff<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>      Defendant | **Civil Action No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

EVETTE RICH ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Berlin, New Jersey.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was allegedly hired to collect a consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

17. On or about October 13, 2009, Defendant began constantly and continuously contacting Plaintiff to collect the alleged debt.

18. Defendant contacted Plaintiff on her home and cellular telephones.

19. Specifically, in October 2009, Defendant contacted Plaintiff on October 13, 2009, at 2:18 p.m.; and October 28, 2009, at 11:10 a.m.

20. Then, in November 2009, Defendant contacted Plaintiff on November 17, 2009, at 9:04 a.m.; and November 30, 2009, at 2:30 p.m.

21. In December 2009, Defendant contacted Plaintiff on December 9, 2009; and December 15, 2009, at 2:30 p.m.

22. Upon information and belief, Plaintiff contends that discovery will reveal that Defendant contacted her on numerous other occasions.

23. Plaintiff disputed owing the alleged debt, notifying Defendant that she had paid the original creditor and any remaining balance was to be paid for by Plaintiff's insurance company.

24. Further, Plaintiff informed Defendant, "I'm not going to pay you," and told Defendant not to contact her.

25. Despite receiving these instructions, Defendant still continued to contact Plaintiff in an attempt to collect the alleged debt.

26. Defendant threatened Plaintiff that failure to pay the alleged debt would cause her credit score to go down and told her that she would have bad credit.

27. Defendant further threatened Plaintiff that failure to pay the alleged debt would ruin her chances of getting credit.

28. Defendant's repetitive calls to Plaintiff's cellular telephone cost her money, in that the calls used her limited calling plan minutes.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding

unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30.  The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31.  The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

# COUNT I
# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

  a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

  b. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass her, in violation of 15 U.S.C. § 1692d(5).

  c. Using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

  d. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);

  e. Threatening to take action that cannot legally be taken or that it did not intend to take, in violation of 15 U.S.C. § 1692e(5);

  f. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is dispute, in violation of 15 U.S.C. § 1692e(8);

  g. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.

  h. Collecting an amount not permitted by law, in violation of 15 U.S.C. § 1692f(1); and

        i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, EVETTE RICH, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EVETTE RICH, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED:  March 26, 2010         KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Attorney ID #  AB0891
Kimmel & Silverman, P.C.
1930 E. Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Phone: (856) 429-8334
Fax: (856) 216-7344
Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT